## SETH AMES *vs.* TRISTRAM C. GILMAN.

By § 3 of the United States bankrupt act of 1841, an action, commenced by a party before he is declared to be a bankrupt, may be prosecuted, after he is so declared, in the name of his assignee.

While *St.* 1785, *c.* 23, was in force, a person could not lawfully practise as an attorney in any court of justice within this State, who was not admitted an attorney con formably to that statute, although he was regularly admitted an attorney in the courts of another State, and afterwards removed into this State and permanently resided here: Such person, therefore, cannot recover compensation for services rendered as an attorney, in the courts of this State, before May 1st 1836, when the revised statutes took effect, and the *St.* of 1785 was repealed. *Aliter,* as to services so rendered by him since that statute was repealed, and the revised statutes took effect.

ASSUMPSIT on the money counts, and for services performed by William Smith, as an attorney and counsellor, from June 1834 to December 1838. The action was commenced and entered by said Smith, who was afterwards declared a bankrupt ; and the present plaintiff, who was appointed assignee of said Smith, was permitted to prosecute the suit in his own name.

At the trial in the court of common pleas, before *Washburn*, J. there was evidence that the services for which the suit was brought were performed by Smith, as charged; and an auditor to whom the charges were submitted reported a certain amount as having been proved before him.

The defendant introduced evidence that Smith was never admitted as an attorney or counsellor of any of the courts of this Commonwealth ; that he was never authorized in writing to appear in any of said courts for the defendant, and that the defendant never personally nominated Smith, in open court, to appear for him as attorney in any of said courts.

It was in evidence that Smith had been regularly admitted as attorney and counsellor of the highest court in New Hampshire, and also as attorney of the circuit court of the United States for this circuit, long before the time of performing the services sued for in this action, and that he had practised as an attorney and counsellor in the courts of this Commonwealth, from the year 1833 to the time of his last charge

against the defendant, and that no objection had ever been made, during that time, to his appearing as attorney, by any of the courts of this Commonwealth, or by any party in court. No evidence was offered to show that the defendant did or did not know that said Smith was not an attorney of this Commonwealth.

It appeared that while several of the actions, for attendance to which, as attorney, said Smith had charged the defendant, were pending, the defendant was at some time in court, consulting about said actions with said Smith ; but it further appeared that a portion of the charges was for services in actions, during the pendency of which the defendant never was present in court.

The judge ruled, that if the said services were charged at a reasonable price, the present plaintiff was entitled to recover. A verdict was found for the plaintiff, and the defendant alleged exceptions to the ruling of the court, both as to the defendant's liability and as to the right of Ames, as assignee of Smith, to prosecute the action in his own name.

*J. G. Abbott & S. A. Brown*, for the defendant. A large part of the services sued for were performed while *St.* 1785, *c.* 23, was in force, which enacted that no person should be admitted to practise as an attorney in any court of justice within this State, until he should have taken and subscribed the declaration prescribed in the constitution of the Commonwealth, *c.* 6, art. 1, and an oath of the tenor set forth in said statute ; and also while *St.* 1795, *c.* 80, or some other statute was in force, which required an excise to be paid by attorneys, on admission to practise. For that part of the services which were performed in contravention of law, there can be no right of recovery. Chit. Con. (5th Amer. ed.) 696. *Cope* v. *Rowlands*, 2 Mees. & Welsb. 149. *Vincent* v. *Holt*, 4 Taunt. 453. *Latham* v. *Hyde*, 1 Crompt. & Mees. 128, and 3 Tyrw. 143. *Wheeler* v. *Russell*, 17 Mass. 258.

The claim for that part of the services performed after the statutes above cited were repealed, and the revised statutes

took effect, is subject to somewhat different considerations, but seems not to be recoverable. The Rev. Sts. *c.* 88, § 19, provide that any moral citizen, twenty one years old, who has devoted three years to the study of the law, shall be admitted, on application, to practise as an attorney, on complying with certain requisitions. Sect. 21 requires the taking of the oaths of allegiance and of office. Sect. 24 provides that persons admitted to the highest courts of other States may, on becoming inhabitants of this State, be admitted to practise here, upon satisfactory evidence of good moral character and professional qualifications. Sect. 25 provides for the removal of attorneys by the courts, for malpractice, &c. And § 27 gives liberty to any person of good moral character, though not admitted an attorney, to manage a suit for another, " *provided* he is specially authorized for that purpose, by the party for whom he appears, in writing, or by personal nomination in open court." Now, although it is not directly, and in terms, prohibited to any other person, to practise, as it was in *St.* 1785, *c.* 23, yet it is just as strongly by implication. It is evident that the legislature intended to subject all persons, practising as attorneys, to certain liabilities and restrictions, for the safety of suitors, and to uphold the authority of the courts and their officers and proceedings, except in those instances where the suitor should choose specially to authorize some person to act for him. The *proviso* that a special authority shall be given excludes, by necessary implication, all persons not having such authority.

Public policy requires that all persons, practising as attorneys, should be officers of the courts, subject to their control, and acting under the responsibility of the oath of office, and in obedience to the legal restrictions imposed on them. If any person chooses to avoid these responsibilities, and not be subject to the liabilities of other attorneys, he acts contrary to the requisitions of public policy, and cannot ask the aid of the court in recovering pay for services so performed. See *Little* v. *Poole,* 9 Barn. & Cres. 192. *Langton* v. *Hughes,* 1 M. & S. 593. *Biggs* v. *Lawrence,* 3 T. R. 454. *Way-*

*nell* v. *Reed*, 5 T. R. 599.   *Law* v. *Hodson*, 11 East, 300. *Forster* v. *Taylor*, 5 Barn. & Adolph. 887.   *Bensley* v. *Big-nold*, 5 Barn. & Ald. 335.   *Marchant* v. *Evans*. 8 Taunt. 142. *Mitchell* v. *Smith*, 1 Binn. 118.   *Seidenbender* v. *Charles*, 4 S. & R. 159.   *Marsh* v. *Gold*, 2 Pick. 291.

There is no law of the Commonwealth by which the name of the original plaintiff could be stricken out of the writ, after it was entered in court, and another name substituted.   If there is any authority for this proceeding, it is in the bankrupt act, *St.* 1841, *c.* 9, § 3, which provides that all suits pending, in which a bankrupt is a party, may be prosecuted and defended by his assignee, in the same way, and with the same effect as they might have been by the bankrupt.   But this provision is satisfied by the assignee's taking on himself the prosecution or defence of a suit, in the name of the bankrupt.   If the assignee must *defend* in his own name, he is subject to a recovery against himself personally. But if the bankrupt law does authorize the assignee to substitute himself as plaintiff in a suit commenced by the bankrupt, it can give such authority only in the courts of the United States, and not in the state courts.   *U. States* v. *Lathrop*, 17 Johns. 4, 261.   *Martin* v. *Hunter*, 1 Wheat. 305.

*B. F. Butler*, for the plaintiff, submitted the case to the court, without argument.

SHAW, C. J.   The court are of opinion that the assignee was rightly admitted to prosecute this suit in his own name, for the benefit of the bankrupt's creditors, under § 3 of the bankrupt law of 1841.

The other point presents a question of more difficulty, namely, whether the original plaintiff, not having been admitted as an attorney in this Commonwealth, can maintain an action for services in that capacity.   The question is not, whether as an attorney of another State, he could occasionally assist at a trial in this State ; but whether he could take up his domicil and practise here, without an admission, with the privilege of having the aid of the law to recover his fees.

In general, when the law prohibits an act, no one can have the aid of the law to recover compensation for doing it. The law which was in force, when some of these services were performed, was *St.* 1785, *c.* 23. It provided, § 1, that "no person shall be admitted an attorney of any court in this Commonwealth, unless," &c. And further, "no person shall be admitted to practise as an attorney in any court of justice within this State, until he shall, in open court, have taken and subscribed the declaration prescribed in the constitution of this Commonwealth, and an oath in tenor" there set forth. This provision contains a precise and explicit prohibition against practising without being sworn and admitted. It must be recollected that at that time, and for many years after, a fee was to be paid on admission, which was a source of revenue to the State ; and that this prohibition afforded an efficient means, if it was not the design of it, to aid in the collection of that revenue. The court are of opinion that this was such a prohibition, as rendered the practice unlawful, and that no compensation can be recovered for such services.

But the revised statutes, which went into operation on the 1st of May 1836, in the corresponding provisions for admission of attorneys, contain no such express prohibition. Rev. Sts. *c.* 88, §§ 19 – 30. Whatever other disabilities a person may incur, who attempts to practise law irregularly, and without being admitted as an attorney according to law, we think he does not so violate any express provision of statute, as to enable one who has employed him, and had the benefit of his services, to refuse paying him a reasonable compensation. The court are therefore of opinion that all those sums charged for services done prior to May 1st 1836 must be deducted ; and that all sums charged for disbursements prior to that time, and for disbursements and services since, are to be allowed, and that the plaintiff is entitled to judgment therefor. The verdict may be amended by consent of parties, conformably to this opinion, and by the auditor's report otherwise, there must be a new trial.